## In re SCHWAB.

(District Court, E. D. New York. June 13, 1919.)

1. BANKRUPTCY ☞342½—REFEREE—JURISDICTION.

Where all of the parties submitted to the jurisdiction of the referee in bankruptcy the question of the validity of a mortgage executed by the bankrupt, the mortgagee cannot assert, on motion to reverse and vacate referee's order adjudging the mortgage invalid, that the referee was without jurisdiction.

2. MORTGAGES ☞159—PRIORITY—AGREEMENTS—VALIDITY.

An agreement by a prior mortgagee that a subsequent mortgage, concededly a valid lien, should first be paid out of the proceeds of the mortgaged premises is legal.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**8.** BANKRUPTCY ⬅=165(1)—NOVATION ⬅=1—PREFERENCE—WHAT CONSTITUTES.

In 1913, a bankrupt and his wife executed a mortgage upon real property owned by him, and over two years later, and within four months of adjudication, the mortgagee agreed that her mortgage should be subsequent to a mortgage then given by the bankrupt which was concededly valid, *held* that, as there can be no preferential transfer without a depletion of the bankrupt's estate, the original mortgage could not be attacked, even on the theory that the agreement constituted a novation, and hence worked a preference, for in every novation there are four essential requisites, a previous valid obligation, the agreement by all of the parties to the new contract, the extinguishment of the old, and the validity of the new: and, if there was a valid novation, the new agreement was also valid, and was not open to attack.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Novation.]

In Bankruptcy. In the matter of Louis Schwab, bankrupt. On motion to reverse and vacate an order of the referee finding that a mortgage was invalid as preferential. Order reversed and vacated.

Louis Charles Wills, of Brooklyn, N. Y., for the motion.

Halbert & Quist, of Brooklyn, N. Y., opposed.

GARVIN, District Judge. This is a motion for an order reversing and vacating an order made herein by Hon. Charles A. Tipling, referee, on March 11, 1919, and filed on or about March 12 1919, in so far as the said order affects the estate of Meta Mayer, deceased, and striking from the said order the following provision contained therein, to wit:

"That the mortgage made by the bankrupt herein and his wife to Meta Mayer for $3,000 upon said parcel No. 1, which mortgage was recorded in the Queens county clerk's office on March 27, 1914, in Liber 1517 of Mortgages, p. 17, which was subject and subordinate to the $8,000 mortgage of Emily Obernier, is not a valid mortgage lien upon the said parcel No. 1, and said Meta Mayer is not entitled to receive any portion thereof out of the proceeds of the sale, the said mortgage being void and invalid in law, nor is she entitled to be credited on account of said purchase price with the amount of said mortgage, or any part thereof, and she is hereby directed to surrender the said mortgage, and she is ordered and directed to contribute and pay the amount thereof to the said trustee for the benefit of the bankrupt estate, and said trustee is subrogated to any rights which the said Meta Mayer may have or may have had under such mortgage, and said Meta Mayer is hereby ordered and directed to pay to the said trustee the balance then remaining unpaid on her purchase price, to wit, the aforesaid sum of $3,000, and the sum of $226.16, total aggregate $3,226.16"

—and for such other and further relief as may be just, with the costs of this motion.

[1] It is claimed that the referee was without jurisdiction in the premises, but this contention is without merit, inasmuch as it is now raised for the first time; all parties having submitted to the jurisdiction without question.

[2, 3] On January 30, 1913, the bankrupt and his wife made and delivered to Meta Mayer a mortgage in the sum of $3,000, covering real property owned by the bankrupt known as parcel No. 1. This mortgage remained a lien thereon until September 30, 1915, on which day the bankrupt gave another mortgage on the same parcel for $8,-

000 to Emily Obernier. Meta Mayer agreed to subordinate her mortgage to that given to Emily Obernier. The referee has found (decision and findings fol. 33) that the $8,000 mortgage is valid and his decision in respect thereto has not been questioned.

He considers at some length whether the Mayer mortgage was void or voidable in its inception, but I do not understand that he holds it to have been either void or voidable when given on January 13, 1913, and with this conclusion I agree.

He holds, however, that, inasmuch as the petition in bankruptcy was filed November 4, 1915, and the adjudication followed on November 18, 1915, when Meta Mayer agreed to subordinate her mortgage to the Obernier mortgage, with reasonable cause to believe the bankrupt insolvent, there was a contract of novation, and her mortgage lien was extinguished.

The question presented, therefore, is whether a mortgagee, with reasonable cause to believe a bankrupt to be insolvent, and within four months prior to the adjudication, could subordinate a valid mortgage upon the bankrupt's property to a new mortgage which the bankrupt was placing thereon, or whether such attempted subordination constituted a voidable preference.

"In every novation there are four essential requisites: (1) A previous valid obligation; (2) the agreement of all the parties to the new contract; (3) the extinguishment of the old contract; and (4) the validity of the new one." Cyc. vol. 29, p. 1130.

It is obvious that if there was a new contract which was invalid, as the referee holds, there could be no novation, because it is essential that the new contract be valid.

The learned referee states in his decision (folio 48):

"By the terms of the subordination agreement, Meta Mayer gave up and surrendered any claim she formerly had by way of her mortgage lien on the property, prior to September 30, 1915."

It will readily be seen that, so far from surrendering any claim she had, she did no more than agree that before the property in question could be applied to the satisfaction of her mortgage, the Obernier mortgage (concededly a valid lien) would first have to be paid. Such an agreement is legal. Loucks v. Union Bank of Louisiana, 2 La. Ann. 617. If the latter had been placed upon the property as a second mortgage, there could be no possible attack upon the Mayer mortgage. There cannot be a preferential transfer without a depletion of the bankrupt's estate. Collier on Bankruptcy (11th Ed.) p. 885. It follows that the motion must be granted, and the order of the referee reversed and vacated to the extent indicated by the foregoing views. Settle order on notice.